Yuli Kaplunovsky (SBN # 299178)
760 Newhall Dr # 1158
San Jose, CA 95110-1106
Phone: (408) 309 4506
office@yulilaw.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THERESA BROOKE, a married
woman dealing with her sole and
separate claim

          Plaintiff

v.

RADHIKA-SHYAM,
INCORPORATED a
California State Corporation

          Defendants

Case No. 25CV0202 JAH JLB

DEFENDANTS MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO
DISMISS

(Fed. R. Civ. P. 12(b)(1) &(6)

Date:        August 06, 2025
Time:        2:30 p.m.
Courtroom:  13B
Judge:      Hon. John A. Houston

1

# TABLE OF CONTENTS

2   TABLE OF AUTHORITIES .................................................................................. i-ii

3   INTRODUCTION ........................................................................................... 1-2

4   LEGAL STANDARD ....................................................................................... 2-3

5   ARGUMENT .................................................................................................. 4

6       A. Plaintiff Lacks Article III Standing ........................................................... 4

7       B.      California Has An Effective Due Process Statute Which

8               Plaintiff Has Failed to Comply............................................................ 4-8

9       C.      Plaintiff Has Failed To State A Claim For Which

10              Relief May Be Granted ......................................................................... 8

11  CONCLUSION ............................................................................................. 9-10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Cases

*Cetacean Community v. Bush,*
386 F.3d 1169, l 174 (9th10 Cir.2004) ............................................................ 3,4

*Chandler v. State Farm Mut. Auto. Ins. Co.*
598 F.3d 111 5, 11 22 (9th Cir. 2010) ............................................................ 3

*Conservation Force v. Salazar,*
646 F.3d 1240, 1242 (9th Cir.20 11 ) ............................................................ 3

*Bell Atlantic Corp. v.Twombly,*
550 U.S. 544, 570 (2007) ............................................................ 3

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009) ............................................................ 3,4

*Pareto v. FD.I C.,*
139 F.3 d 696, 699 (9th Cir.1998) ............................................................ 3

*Sprewell v. Golden State Warriors,*
266 F.3d 979, 988 (9th Cir.2001 ) ............................................................ 3

*Levine v. Vi/sack,*
587 F.3d 986, 991-992 (9th Cir. 2009) ............................................................ 4

*Lujan v. Defenders of Wildlife,*
504 U.S. 555, 560- 61 (1992) ............................................................ 4

*Molski v. Evergreen Dynasty Corp.*
500 F.3d 1047, 1057 (9th Cir. 2007) ............................................................ 7

*Doran v. Petroleum Management Corp.,*
545 F.2d 893, 1977 U.S. App. LEXIS 10442 ............................................................ 7

Fed. Sec. L. Rep. (CCH) P95,844, 56 Oil & Gas Rep. 591 ............................................................ 7

*Voda v. Medtronic, Inc.*, No. 09-0095, 2011 WL 10820070,
at *1 (W.D. Okla. Aug. 17, 2011) ............................................................ 8

*Sutton v. Utah State Sch. for Deaf & Blind*,
173 F.3d 1226, 1236 (10th Cir. 1999) ............................................................ 8

Statutes

F.R.C.P. Rule 12(b)(1) ............................................................ 3,8

F.R.C.P. Rule 12(b)(6) ............................................................ 3,8

*California Civil Code* 55.3(b) ............................................................ 4,6,8,9

California State Bill SB 1186 ............................................................ 7

i

*California Civil Code* § 1938 ............................................................................. 7,8,9

42 U.S.C. § 12181 .................................................................................................. 9

*California Civil Code* § 51 ..................................................................................... 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Americans with Disabilities Act ("ADA") is recognized as one of the most significant pieces of civil rights legislation in American history and is aimed at protecting the rights of individuals with disabilities. Unfortunately, as the ADA has developed, some attorneys have exposed methods of exploiting the provisions of the ADA for personal, pecuniary benefits—fee-driven lawsuits for violations of plaintiff-friendly provisions of Title III of the ADA, as is the case before the Court. But for this exploitation, record numbers of Title III disability cases are being filed by a small group of plaintiffs and attorneys who have created a lucrative "cottage industry" of vexatious and profitable lawsuits that do little to protect individuals with disabilities or promote the spirit and purpose of the ADA. Vexatious ADA litigation frequently occurs under the guise of a meritorious suit ostensibly brought on behalf of an individual with a disability who is seeking equal access to public accommodations. However, once the lawsuit is filed it quickly devolves into a hunt for vulnerable small businesses that are not in full compliance with the ADA. By exploiting small businesses that are likely to settle quickly instead of engaging in lengthy, costly litigation, lawyers bringing these cases are able to quickly recover attorney's fees. The profitability and ease with which these lawsuits can be brought has prompted some attorneys to find and file as many ADA violation suits as possible. While the attorneys generate high profits from these lawsuits, money is diverted away from the real need—correcting the underlying violation that justified the lawsuit and providing the disabled plaintiff with equality and accessibility. As is the instant case before the Court, Plaintiff has begun to file multiple "drive-by" lawsuits[1] over minor or non-

---

[1]. Lawsuits which involve individuals, attorneys, or "expert witness" who drive by a place of business to determine whether there exist any architectural barriers for disabled individuals without actually entering the business

existent infractions solely for the purpose of wringing settlements from small
business owners throughout Southern California. In the instant case, Plaintiff alleges
to be a disabled individual who states that in mid-January 2025 she attempted
to rent a room at Defendant's business, and was harmed by Defendant's failure to
provide adequate ADA compliant handicapped parking at his business. Defendant
asserts that, notwithstanding the fact that his parking lot is fully ADA compliant,
the Plaintiff in this action never entered the parking lot in mid January 2025 or the
business at any time, and did not have, and does not have, a true desire to
patronage Defendant's business. Plaintiff just simply drove-by looking for alleged
violations of the ADA.

Moreover, Defendant asserts that based on the passage of prior legislation,
discussed further below, every business, property owner and tenant in the State of
California is required to receive demand letters from lawyers setting forth the
alleged violation on behalf of the disabled person(s) prior to the filing of litigation.
Despite the fact that Defendant and similarly situated business owners never
received such statutory notice, Plaintiff is still filing its lawsuits and telling
business property owners and tenants including but not limited to the Plaintiff in
this action, that they are civilly liable for actual and statutory damages for
violations of accessibility laws, among other things. Accordingly, Defendant
asserts that whereas he never received statutory notice as set forth by the
California State Legislature Plaintiff's claim is not ripe for adjudication and
Plaintiff is thus barred from brining its action.

## II. LEGAL STANDARD

Under Rule 12(b)(l) of the Federal Rules of Civil Procedure, the district
court must dismiss the complaint for " lack of subject matter jurisdiction." When a
plaintiff lacks standing under the Article III "case or controversy" requirement,
federal courts lack subj ect matter jurisdiction over the suit, and the case must be
dismissed.

1  *Cetacean Community v. Bush,* 386 F.3d 1169, l 174 (9th10 Cir.2004). Once
2  a party has moved to dismiss for lack of subject matter jurisdiction under Rule12(b
3  )( I ), the opposing party bears the burden of establishing the court's jurisdiction.
4  *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 111 5, 11 22 (9th Cir. 20
5  10). And, under Rule 12(b )(6) of the Federal Rules of Civil Procedure, a district
6  court properly dismisses a complaint fo r failure to state a claim upon which relief
7  may be granted if "there is a' lack of a cognizable legal theory or the absence of
8  sufficient facts alleged under a cognizable legal theory."' *Conservation Force v.*
9  *Salazar,* 646 F.3d 1240, 1242 (9th Cir.20 11 ) (citations omitted) . To survive a
10 motion to dismiss, a complaint must contain sufficient factual matter, accepted as
11 true, to "state a claim to re lief that is plausible on its face. " *Bell Atlantic Corp.*
12 *v.Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility "when the
13 plaintiff pleads factual content that allows the court to draw the reasonable
14 inference" that the defendant may be liable. *Ashcroft v. Iqbal,* 556 U.S. 662, 678
15 (2009), citing *Twombly,* 550 U.S. at 556. ln considering a motion pursuant to Rule
16 12(b)(6), a court must accept as true all material allegations in the complaint, as
17 well as all reasonab le inferences to be drawn from them. *Pareto v. FD.I C.,* 139
18 F.3 d 696, 699 (9th Cir.1998). The complaint must be read in the light most
19 favorable to the nonmoving party. *Sprewell v. Golden State Warriors,* 266 F.3d
20 979, 988 (9th Cir.2001 ). However, courts are not "required to accept as true
21 allegations that are merely conclusory, unwarranted deductions of fact, or
22 unreasonable inferences." *Id.* The ultimate determination of "whether a complaint
23 states a plausible claim for re lief wi ll ... be a context-specific
24 task that requires the reviewing court to draw on its judicial experience and
25 common sense." *Iqbal,* 556 U.S. at 679.
26 /././
27 /././
28 /././

- 3 -

### III. ARGUMENT

#### A.    Plaintiff Lacks Article III Standing

To have standing to maintain this lawsuit against Defendants, Plaintiff would have to meet all three requirements of Article III: (I) that plaintiff has suffered an injury in fact that was concrete and particularized, and actual or imminent; (2) that the injury is fairly traceable to the challenged conduct; and (3) that the injury is likely to be redressed by a favorable court decision. *Levine v. Vi/sack,* 587 F.3d 986, 991-992 (9th Cir. 2009); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560- 61 (1992). Because Plaintiff cannot establish any of these requirements necessary for Article III standing, the Court should dismiss this Complaint for lack of jurisdiction. Even if the Court finds that the Plaintiff has suffered an injury, that alleged injury is not the result of any unlawful conduct by Defendants, nor could the court grant any relief that would be consistent with the ADA and the Congressional allocation of statutory responsibility. Thus, Plaintiffs lack Article III standing. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. ,* 386 F.3d at p. 1174.

#### B.    California Has An Effective Due Process Statute Which Plaintiff Has Failed to Comply.

*California Civil Code* 55.3(b), sets forth that prior to filing a law suit under the Unruh Act that an attorney shall provide a written advisory on the form described below, on a separate page or pages that are clearly distinguishable from the demand letter or complaint. complaint, with each demand letter or complaint sent to or served upon a defendant or potential defendant. The pre-litigation letter shall read as follows:

/./.

/./.

/./.

- 4 -

*STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS*

*California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places. YOU HAVE IMPORTANT LEGAL OBLIGATIONS. Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect at www.dgs.ca.gov. Information is also available from the California Commission on Disability Access at www.ccda.ca.gov/guide.htm. YOU HAVE IMPORTANT LEGAL RIGHTS. The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present your explanation why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim. You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint.*

*/././*

1    *If you have hired an attorney to represent you, you should immediately*
2    *notify your attorney. If a court complaint has been served on you, you will get a*
3    *separate advisory notice with the complaint advising you of special options and*
4    *procedures available to you under certain conditions.* California Civil Code §
5    55.3 states as follows: 55.3. (a) For purposes of this section, the following shall
6    apply:

7    (1) "Complaint" means a civil complaint that is filed or is to be filed with a
8    court and is sent to or served upon a defendant on the basis of one or more
9    construction-related accessibility claims, as defined in this section.

10   (2) "Construction-related accessibility claim" means any claim of a
11   violation of any construction-related accessibility standard, as defined
12   by paragraph (6) of subdivision (a) of Section 55.52, with respect to a
13   place of public accommodation. "Construction-related accessibility
14   claim" does not include a claim of interference with housing within the
15   meaning of paragraph (2) of subdivision (b) of Section 54.1, or any
16   claim of interference caused by something other than the construction-related
17   accessibility condition of the property, including, but not limited to, the conduct of
18   any person.

19   (3) "Demand for money" means a prelitigation written document or oral
20   statement that is provided or issued to a building owner or tenant, or the
21   owner's or tenant's agent or employee, that does all of the following:

22   (A) Alleges that the site is in violation of one or more
23   construction-related accessibility standards, as defined in paragraph (6)
24   of subdivision (a) of Section 55.52, or alleges one or more
25   construction-related accessibility claims, as defined in paragraph (2).

26   (B) Contains or makes a request or demand for money or an offer or
27   agreement to accept money.

28

1    (C) Is provided or issued whether or not the attorney intends to file a

2    complaint, or eventually files a complaint, in state or federal court.

3    (4) "Demand letter" means a prelitigation written document that is

4    provided to a building owner or tenant, or the owner's or tenant's agent

5    or employee, that alleges the site is in violation of one or more

6    construction-related accessibility standards, as defined in paragraph (6)

7    of subdivision (a) of Section 55.52, or alleges one or more

8    construction-related accessibility claims, as defined in paragraph (2),

9    and is provided whether or not the attorney intends to file a complaint,

10   or eventually files a complaint, in state or federal court.[emphasis added]

11   Further, The California State Legislature enacted SB 1186 to address litigation

12   abuse, such as "vexatious litigation" — lawsuits that are not pursued to rectify

13   wrongs or to advance or create a public benefit.

14   As stated by the author of the bill, "Vexatious special access lawsuits

15   unduly burden our courts and taxpayers and do not result in improved access for

16   those with special access needs. Those lawsuits cost California jobs and economic

17   prosperity, unfairly threaten small businesses, force businesses to respond with

18   higher costs for goods and services, and have adverse impacts on levels of

19   employment and employee compensation." SB 1186, codified at *California Civil

20   Code* § 1938, states in pertinent part that Pre-litigation letters must contain a

21   factual statement which would allow a reasonable person to be able to identify the

22   violation. The specific access barrier (or reason the individual was deterred) must

23   be set forth in plain language, with enough information about the location of the

24   barrier for a reasonable person to be able to identify it. Further, the letter must

25   explain how the barrier interfered with the person's full and equal access. It must

26   include the date(s) on which the interference occurred. In *Molski v. Evergreen

27   Dynasty Corp.* 500 F.3d 1047, 1057 (9th Cir. 2007).

28   /././

1         U.S. District Judge Rafeedie's order stipulates that neither the plaintiff,

2    Jarek Molski, nor his lawyer, Thomas Frankovich, could file an ADA suit

3    unless Rafeedie's court was first notified. The judge emphasized that his ruling

4    "does not limit the right of a legitimately aggrieved disabled individual

5    to seek relief under the ADA; it only prevents abuse of the law by

6    professional plaintiffs, like Molski and their lawyers ... whose priority is their own

7    financial gain, and not 'the elimination of discrimination against individuals with

8    disabilities.'" In a second opinion in April 2004, Rafeedie wrote that the court

9    believes it must "... protect the judicial system and the public from [the

10    Frankovich law firm's] abusive and predatory litigation."

11    In a similar ADA case *Doran v. Petroleum Management Corp*., 545 F.2d

12    893, 1977 U.S. App. LEXIS 10442, Fed. Sec. L. Rep. (CCH) P95,844, 56 Oil &

13    Gas Rep. 591 (5th Cir. decided in June 2005, U.S. District Court Judge Gary

14    Taylor held that "it is a proper exercise of discretion and common sense in an

15    ADA case or a parallel state case to require, as a prerequisite to recovering

16    attorneys' fees, a pre-litigation unambiguous warning notice to the defendant and

17    a reasonable opportunity to cure the violation." The court cited the Graham case

18    and wrote, "Such a notice will permit legitimate ADA advocates to warn the

19    defendant and get the problem fixed without having to file a needless, frequently

20    extortionate, lawsuit."

21         In the instant case, Defendant received no such notice, and no pre-litigation

22    letter as set forth above is attached to Plaintiffs complaint to evidence compliancy

23    with *California Civil Code* §§ 55.3(b),1938, Whereas Plaintiff has failed to

24    comply with *California Civil Code* §§ 55.3(b) and 1938. its action is not ripe for

25    adjudication. Accordingly, Plaintiff has failed to state a cause for which relief may

26    be granted and must be dismissed under Fed. R. Civ. P. 12(b)(1)&(6), and whereas

27    this deficiency cannot be cured through amendment, Plaintiffs complaint must be

28    dismissed with prejudice.

### C.    Plaintiff Has Failed To State A Claim For Which Relief May Be Granted

Rule 12(b)(6) empowers the Court to dismiss claims that fail to state a claim upon which relief may be granted. *Voda v. Medtronic, Inc.*, No. 09-0095, 2011 WL 10820070, at *1 (W.D. Okla. Aug. 17, 2011). In deciding such a motion, the court's role is "to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*. (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). As stated above, Whereas Plaintiff has failed to comply with *California Civil Code* §§ 55.3(b) and 1938. its action is not ripe for adjudication. Accordingly, Plaintiff has failed to state a cause for which relief may be granted and must be dismissed under Fed. R. Civ. P. 12(b)(1)&(6), and whereas this deficiency cannot be cured through amendment, Plaintiffs complaint must be dismissed with prejudice.

### IV.

### CONCLUSION

The case before the Court is precisely the type of case the California State legislature sought to curtail, ie. [a] vexatious, profitable lawsuit that does absolutely nothing to protect individuals with disabilities or promote the spirit and purpose of the ADA, and is not pursued to rectify wrongs or to advance or create a public benefit. Instead, it unfairly threatens Defendants business, and similarly situated businesses in the area. The Plaintiff in this case has filed over 1,891 separate lawsuits against small businesses and business owners, throughout Southern California, and countless others throughout Arizona, alleging violations of 42 U.S.C. § 12181 *et seq.* and, *California Civil Code* § 51, and in each of these cases, the Plaintiff has failed to provide notice to any of these Business Owner(s)/Defendants pursuant to *California Civil Code* §§ 55.3(b) and 1938, including but not limited to the Defendants in the instant case.

- 9 -

As stated above, Whereas Plaintiff has failed to comply with *California Civil Code* §§ 55.3(b) and 1938, its action is not ripe for adjudication and therefore must be dismissed, and whereas this deficiency cannot be cured through amendment, Plaintiffs complaint must be dismissed with prejudice.

Respectfully submitted by Eliyahu Kaplunsovsky,

Dated:   April 3, 2025                    By:   /s/ Eliyahu Kaplunovsky
                                                Attorney for Defendant
                                                Radhika Shyam Inc.