UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>                Plaintiff,<br><br>v.<br><br>RADHIKA-SHYAM INCORPORATED,<br>a California Corporation,<br><br>                Defendant. | Case No.: 3:25-cv-00202-JAH-JLB<br><br>**ORDER REQUIRING PARTIES TO FILE SUPPLEMENTAL BRIEFING**<br><br>**[ECF No. 19]** |

      Pending before the Court is Defendant Radhika-Shyam Inc.'s ("Defendant") motion to dismiss. ECF No. 14 ("Motion" or "Mot."). Plaintiff Theresa Brooke ("Plaintiff") opposes the motion. ECF No. 15 ("Opposition" or "Opp."). Defendant has filed its reply. ECF No. 18 ("Reply"). Plaintiff's complaint raises two claims against the Defendant under the American with Disabilities Act ("ADA") and the Unruh Act. *See* ECF No. 1 ("Complaint" or "Compl.").

      On October 23, 2025, Plaintiff's attorney filed a statement of the Plaintiff's death and indicated that her estate will be substituted to prosecute the above-entitled civil matter. ECF No. 19. The Court HEREBY ORDERS the parties to file supplemental briefing on the pending Motion to Dismiss filed in ECF No. 14 as a result of Plaintiff's October 23, 2025 filing in ECF No. 19.

Specifically, the Court ORDERS the parties to file supplemental briefing addressing the following issue:

The only remedy for an individual raising a claim under the ADA is injunctive relief. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). Plaintiff's ADA claim seeks an injunction directing Defendant "to take all steps necessary to bring its parking lot into full compliance with the requirements set forth in the ADA[.]" Compl. at ¶ 21. To establish standing for injunctive relief, the Plaintiff must show "sufficient likelihood that [she] will be wronged again in a similar manner." *See Fortyune*, 364 F.3d at 1081. In other words, to succeed on a claim for a violation of the ADA, Plaintiff must establish a "real and immediate threat of repeated injury." *Id.*

Based on the notice of death filed by Plaintiff's counsel, does Plaintiff's estate have standing to prosecute the ADA claim raised in the complaint, or is the ADA claim moot because there exists no immediate threat of future injury?

1. Plaintiff may file supplemental briefing on the question presented above by December 18, 2025 in a filing not to exceed ten pages;
2. Defendant may file a response by January 6, 2026 in a filing not to exceed ten pages; and
3. Plaintiff may reply by January 12, 2026.

**IT IS SO ORDERED.**

DATED: November 24, 2025

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE