UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>                                      Plaintiff,<br><br>v.<br><br>RADHIKA-SHYAM INCORPORATED,<br><br>                                      Defendant. | Case No.:  3:25-cv-00202-JAH-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 14]** |

Pending before the Court is Defendant Radhika-Shyam Inc.'s ("Defendant") Motion to Dismiss.  ECF No. 14 ("Motion").  Plaintiff Theresa Brooke ("Plaintiff") opposed the Motion and Defendant replied.  ECF Nos. 15, 18.  Plaintiff also submitted supplemental briefing.  ECF No. 21.  For the reasons described below, the Court **GRANTS** the Motion.

## BACKGROUND

On January 28, 2025, Plaintiff filed a complaint against Defendant, raising two claims, one under Title III of the American with Disabilities Act ("ADA"), and one under the Unruh Act.  *See* ECF No. 1.  On April 8, 2025, Defendant filed this Motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *See* ECF No. 14.

On October 23, 2025, Plaintiff's attorney filed a statement of Plaintiff's death and indicated that her estate would be substituted to prosecute the above-entitled manner.  ECF No. 19.  The Court ordered the parties to file supplemental briefing discussing whether Plaintiff's estate, in light of Plaintiff's death, has standing to prosecute the ADA and Unruh Act claims.  ECF No. 20.  On December 8, 2025, Plaintiff filed supplemental briefing.  ECF No. 21.  Defendant did not reply.

## LEGAL STANDARD

### I.    ADA and Unruh Act Standing

"Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (citations omitted).  When an ADA Title III plaintiff dies, the death renders the claims under Title III for injunctive relief moot because there is no prospect of a future injury.  *Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883, 885 (9th Cir. 2017) (citations omitted).  However, the death does not extinguish nor moot the Unruh Act claims, and estates can be compensated for past harm.  *Id.* (citing Cal. Code Civ. Proc. § 377.34; Cal. Civ. Code § 52).

### II.    Supplemental Jurisdiction

Federal courts may exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, district courts may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In exercising its discretion, district courts may consider the "circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).  Courts may also consider "the *Gibbs* values 'of economy, convenience, fairness, and comity.'"  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

## DISCUSSION

Here, Plaintiff's ADA claim is mooted by her death, while the Unruh Act claim remains live.  *See Kalani*, 698 F. App'x at 885-86.  Plaintiff states that "there is no question that the ADA claim should be dismissed under *Kalani*."  ECF No. 21 at 3.

//

The question for the Court is whether to maintain supplemental jurisdiction over Plaintiff's Unruh Act claim. Plaintiff requests that the Unruh Act claim be continued under supplemental jurisdiction. *Id.* In the alternative, Plaintiff suggests that the Court could decline supplemental jurisdiction and permit the parties to litigate the Unruh claim in state court. *Id.* Plaintiff cites multiple cases where the Court continued to maintain supplemental jurisdiction of an Unruh Act claim, but the circumstances in those cases and the instant case are distinguishable. *Id.* at 2-3.

In *Kalani*, the trial court already granted judgement in favor of the Plaintiff and awarded statutory damages under the Unruh Act. *Kalani*, 698 F. App'x at 885. The Ninth Circuit ruled that the Unruh Act claim was not extinguished and the estate could be compensated. *Id.* In this case, there has been no ruling on the merits. In *Ketroser*, the court maintained supplemental jurisdiction because the plaintiff's widow stated she wished to file an amended complaint with a similar federal cause of action. *Ketroser v. 7-Eleven, Inc.*, No. 19-CV-05231-MMC, 2020 WL 12655623, at *1 (N.D. Cal. Mar. 13, 2020). In this case, Plaintiff's spouse has not indicated that he wishes to add a new federal cause of action. *See* ECF No. 21. In *Brooke v. Tsay Jbr LLC*, the cited dockets by Plaintiff were regarding whether the Unruh claim was live. *Brooke v. Tsay Jbr, LLC*, 23-CV-7378-DMG (C.D. Cal. Nov. 12, 2025), ECF Nos. 66-69. The defendant previously argued for the Court to keep supplemental jurisdiction as the case had been litigated for years and was set for a jury trial. *Id.* at ECF No. 62. This case is in its earlier stages, and no trial date has been set. Further, Defendant has not indicated a wish for supplemental jurisdiction to be continued.

Here, the Court dismisses the ADA claim that gave it original jurisdiction due to its mootness. *See Kalani*, 698 F. App'x at 885. This allows the Court to decline supplemental jurisdiction because the Court dismisses the original jurisdiction claim. 18 U.S.C. § 1367(c)(3). The circumstances of this case are distinguished from the cases cited by Plaintiff, as the federal claim has not been decided on the merits, and Defendant has not requested that supplemental jurisdiction to be exercised. Moreover, the *Gibbs* factors do

3:25-cv-00202-JAH-JLB

not counsel in favor of exercising supplemental jurisdiction.  Therefore, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over the Unruh Act claim.

## **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claim under Title III of the ADA is DISMISSED as moot;

2. Pursuant to 28 U.S.C. § 1367(c)(3), the Court DECLINES to exercise supplemental jurisdiction over the remaining California Unruh Act claim and that claim is DISMISSED without prejudice; and

3. The Clerk of Court shall CLOSE this case.

Dated:  February 19, 2026

Hon. John A. Houston
United States District Judge

3:25-cv-00202-JAH-JLB